UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| VINCENT ZIRKER,[1] | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 3:15-cv-00724 |
| | ) | Chief Judge Sharp |
| SOUTHERN HEALTH PARTNERS, *et al.*, | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## **M E M O R A N D U M**

Plaintiff Vincent Zirker, an inmate at the Robertson County Detention Center in Springfield, Tennessee, brings this *pro se, in forma pauperis* action pursuant to 42 U.S.C. § 1983 against Southern Health Partners, Brandon Smith, Melissa Wilson, the Robertson County Detention Center, the Knoll Crest Surgical Alliance, and Sheriff f/n/u Holt, alleging that the plaintiff is not receiving proper medical treatment while incarcerated. (Docket No. 1). As relief, the plaintiff seeks money damages. (*Id*. at p. 2).

The plaintiff's complaint is before the Court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

**I.    PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly

---

[1] No inmate number is provided on any of the plaintiff's materials.

1

requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**III.     Section 1983 Standard**

Plaintiff Zirker seeks relief pursuant to § 1983. To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**IV.     Alleged Facts**

The complaint alleges that, while incarcerated at the Robertson County Detention Center, the plaintiff has been denied medical treatment for painful and bloody urination and defecation for a period of two weeks. (Docket No. 1 at pp. 1-2). The complaint further alleges that the plaintiff specifically sought help from defendant Brandon Smith who "lied" about medication for the plaintiff and refused to observe the plaintiff's conditions "for the record." (*Id.*) The plaintiff claims that Southern Health Partners and Knoll Crest Surgical Alliance failed to train their employees to properly treat inmates such as the plaintiff. (*Id.* at p. 1). The plaintiff alleges that, as a result of the defendants' failure to treat his health problems, he is anemic, in pain, and weak. (*Id.* at pp. 1-2).

**V.     Analysis**

The plaintiff names Southern Health Partners, Brandon Smith, Melissa Wilson, the Robertson County Detention Center, the Knoll Crest Surgical Alliance, and Sheriff f/n/u Holt as defendants to this action.

    **A.     Claims against the Robertson County Detention Center**

As to the plaintiff's claims against the Robertson County Detention Center, a jail or justice center is a building where prisoners are held and therefore is not a "person" that can be sued under 42 U.S.C. § 1983. *Cf. Fuller v. Cocran*, No. 1:05-CV-76, 2005 WL 1802415, at *3 (E.D. Tenn. July 27, 2005) (dismissing § 1983 claims against the Bradley County Justice Center on the same basis); *Seals v. Grainger County Jail*, No. 3:04CV606, 2005 WL 1076326, at *1 (E.D. Tenn. May 6, 2005) ("The Grainger County Jail, however, is not a suable entity within the meaning of § 1983."). Thus, the complaint fails to state a claim upon which relief can be granted against the Robertson County Detention Center.

To the extent the claims against the Robertson County Detention Center might be liberally construed as claims against Robertson County, Tennessee, in order to sue a local government under § 1983, the plaintiff must allege that "it is [the] execution of [the] government's policy or custom . . . [that] inflicts the injury . . . ." *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978). In other words, for Robertson County to be liable to the plaintiff under § 1983, there must be a direct causal link between an official policy or custom and the alleged violation of the plaintiff's constitutional rights. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

Here, the plaintiff offers nothing to suggest that his rights were violated pursuant to a policy or regulation of Robertson County. Consequently, whether construed as a claim against the Robertson County Detention Center or against Robertson County, Tennessee, the complaint fails to state claims upon which relief can be granted under § 1983. Those claims, therefore, will be dismissed.

### B. Claims against Sheriff Holt and Melissa Wilson

Although the plaintiff names Sheriff Holt and Melissa Wilson as defendants to this action,

4

the complaint does not allege that either Sheriff Holt or Melissa Wilson played any role whatsoever in the alleged unconstitutional conduct about which the plaintiff complains. (*Id*. at pp. 1-2).

A plaintiff "must allege how each defendant was personally involved in the acts about which the plaintiff complains." *Rizzo v. Goode*, 423 U.S. 362, 375 (1976). The plaintiff must "allege 'with particularity' all material facts to be relied upon when asserting that a governmental official has violated a constitutional right." *Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002). Because the plaintiff's allegations omit how Sheriff Holt and Melissa Wilson were personally involved in the acts about which the plaintiff complains, the Court will dismiss the plaintiff's § 1983 claims against those defendants for failure to state claims upon which relief can be granted.

  **C.**  **Denial of medical treatment claims**

The Eighth Amendment of the United States Constitution imposes an obligation to provide prisoners with reasonably adequate food, clothing, shelter, sanitation, recreation, and medical care. *Grubbs v. Bradley*, 552 F. Supp. 1052, 1119-1124 (M.D. Tenn. 1982). The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment. *Bellamy v. Bradley*, 729 F.2d 416 (6th Cir. 1984).

The plaintiff alleges that, as a result of the failure of Smith, Southern Health Partners, and Knoll Crest Surgical Alliance to treat the plaintiff's health problems, he is anemic, in pain, and weak. Thus, the plaintiff alleges that he has suffered and continues to suffer as a result of the alleged denial of medical treatment. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 401 (6th Cir. 1999)(to set forth a viable claim for the denial of medical care, the plaintiff must argue that his health suffered as a consequence of such alleged denial). The court finds that these claims are not frivolous under the

5

PLRA. However, the court cautions that this finding is preliminary; the record should be developed for further consideration of the plaintiff's allegations.

**VII.   Conclusion**

As set forth above, the plaintiff has stated non-frivolous denial of medical treatment claims against defendants Southern Health Partners, Knoll Crest Surgical Alliance, and Brandon Smith under 42 U.S.C. § 1983. 28 U.S.C. § 1915A. These claims will be allowed to proceed for further development.

However, the plaintiff's claims against Sheriff Holt, Melissa Wilson, and the Robertson County Detention Center, whether construed as a claim against the Detention Center or against Robertson County, fail to state § 1983 claims upon which relief can be granted, and those claims must be dismissed under the PLRA.

An appropriate order will follow.

_____
Kevin H. Sharp
Chief United States District Judge